UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PHEBE WILLIAMS,

        Plaintiff,

v.                                                           Case No. 18-cv-458-pp

OFFICER FENRICH, OFFICER VANDENBERG,
OFFICER TEIGEN, and D&D TOWING COMPANY,

        Defendants.

---

**ORDER ADOPTING RECOMMENDATION (DKT. NO. 5), DISMISSING D&D TOWING COMPANY, AND DIRECTING THE CLERK OF COURT TO TRANSFER THE CASE TO JUDGE DUFFIN FOR FURTHER PROCEEDINGS**

---

On March 22, 2018, the plaintiff, representing herself, filed a complaint against Grand Chute Police Officers Fenrich, Vandenberg and Tiegen, as well as D&D Towing Company based on events surrounding her July 16, 2017 arrest. Dkt. No. 1. The plaintiff consented to the full jurisdiction of the magistrate judge, and Judge William E. Duffin granted her request to proceed without prepaying the filing fee. Dkt. No. 5. In his April 5, 2018, screening order, however, Judge Duffin recommended that D&D Towing Company ("D&D") be dismissed as a defendant, becau Towing Company. Id. Judge Duffin explained to the plaintiff that if she did not agree, she was required to file an objection to the recommendation within fourteen days of service of the order and that if she didn't timely object, she would lose her right to appeal any

1

decision on that recommendation. Id. at 6-7. The plaintiff has not filed an objection.

I.  **Judge Duffin's Recommendation**

Under Federal Rule of Civil Procedure 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the magistrate judge's recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Systems Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This court must decide only whether Judge Duffin's recommendation with respect to D&D Towing is clearly erroneous. The court concludes that it is not.

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting her claims; she only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Put another way, the plaintiff cannot leave the court "to guess what claims [she] intends to assert against which defendants." Dunigan v. St. Clair Cnty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015).

The plaintiff alleges the officers illegally seized her vehicle at the time of her arrest. She alleges that the seizure violated "the Department Impound Policies and constitutional compliances." Dkt. No. 1 at 3. In her prayer for

relief, she says that the defendants violated her "rights and 4 amendment." Id. at 4. The only allegations involving D&D Towing Company appear on page three, where the plaintiff states that the officers called a towing agency to remove the car "due to being arrested." Id. at 3. This single allegation is not enough to support a federal claim against the towing company. The towing company is not a state actor acting under color of law so the plaintiff cannot state a claim against it under 42 U.S.C. §1983. It is not a violation of federal law for a towing company to tow a car at a police officer's direction. Without a violation of federal law, the plaintiff cannot state a claim against D&D Towing Company.

II. **Conclusion**

The court **ADOPTS** the recommendation of Judge Duffin and **DISMISSES** D&D Towing Company. The court **DIRECTS** the Clerk of Court to transfer this case back to Judge Duffin for further proceedings.

Dated in Milwaukee, Wisconsin this 29th day of May, 2018.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**