# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PHEBE WILLIAMS,**

     **Plaintiff,**

  **v.**        **Case No. 18-CV-458**

**ALEC J. FENRICH, et al.,**

     **Defendant.**

## DECISION AND ORDER

Phebe Williams, who is representing herself, filed this action on March 22, 2018. She alleges that Grand Chute police officers unlawfully impounded her car, which led to it being sold when she did not retrieve it from the tow company. On October 19, 2018, the defendant police officers moved for summary judgment. (ECF No. 29.) The defendants complied with Civil Local Rule 56 (E.D. Wis.) (ECF No. 29) and informed Williams that, among other things, under the local rules an opposing party has 30 days in which to respond to a motion for summary judgment (ECF No. 29 at 4 (quoting Civ. L.R. 56(b)(2))), that if the opposing party fails to respond to the moving party's proposed findings of fact the court may deem them admitted for purposes of the motion (ECF No. 29 at 3 (quoting Civ. L.R. 56(e))), and that "[f]ailure to file a

memorandum in opposition to a motion is sufficient cause for the Court to grant the motion." (ECF No. 29 at 6 (quoting Civ. L.R. 7(d))).

Williams has not responded to the defendants' motion for summary judgment. This is reason enough to grant the defendants' motion, *see* Civ. L.R. 7(d), and the court grants the motion as unopposed.

Alternatively, the undisputed facts establish that the defendants are entitled to summary judgment.

Grand Chute police officers arrested Williams on July 16, 2017, as part of a prostitution investigation. An officer had arranged to meet a woman at a Grand Chute apartment complex after she agreed to engage in sex acts in exchange for $700. (ECF No. 38, ¶ 15.) Williams drove the woman to the apartment complex in exchange for half of the $700. (ECF No. 38, ¶¶ 28, 39.) Both women were arrested for prostitution-related offenses and for possession of suspected methamphetamine that was discovered following a consent search of Williams's vehicle. (ECF No. 38, ¶¶ 29-35, 44-45.) The drug charges were withdrawn when further testing was inconclusive as to whether the substance was methamphetamine. (ECF No. 38, ¶ 50.)

Consistent with the Grand Chute Police Department's policy, because Williams's vehicle was parked on private property and no one was present to remove it, police officers contacted a towing company to tow Williams's vehicle. (ECF No. 38, ¶¶ 54-58.)

On July 26, 2017, the towing company provided Williams notice via certified mail that, as of that date, she owed $630.00 in towing and storage fees and that, if she did not pay all fees and retrieve her vehicle by August 13, 2017, the vehicle would be sold or junked. (ECF No. 38, ¶¶ 59-63.) Williams never accepted delivery of this certified letter. (ECF No. 38, ¶ 71.) On July 27, 2017, Williams contacted the Grand Chute Police Department for assistance in retrieving personal property from her towed vehicle. (ECF No. 38, ¶¶ 63-65.) On July 31, 2017, Williams and an Appleton Police Department sergeant went to the tow company and Williams retrieved personal property from her vehicle. (ECF No. 38, ¶¶ 66-67.) At that time, the tow company's president informed Williams that she needed to pay the fees and pick up the vehicle or else it would be disposed of. (ECF No. 38, ¶¶ 11, 68.) When Williams failed to pay the tow fees or retrieve the vehicle, it was sold on August 17, 2017. (ECF No. 38, ¶¶ 72-74.)

Having arrested Williams, the defendants, consistent with the Grand Chute Police Department's policy, lawfully ordered her vehicle to be towed rather than left abandoned on private property. Towing a vehicle under these circumstances is consistent with the Fourth Amendment as an exercise of police officers' role as community caretakers. *See United States v. Duguay*, 93 F.3d 346, 352 (7th Cir. 1996) (discussing *South Dakota v. Opperman*, 428 U.S. 364 (1976)). Therefore, based upon the undisputed facts, Williams's claim that the impoundment of her vehicle violated the Fourth Amendment is without merit.

**IT IS THEREFORE ORDERED** that the motion for summary judgment filed by defendants Alec J. Fenrich, Joseph D. Teigen, Ted M. Vandenberg (ECF No. 29) is **granted**. Williams's complaint and this action are dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 28th day of November, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge